UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON, #495156,

      Plaintiff,                            Hon. Robert J. Jonker

v.                                              Case No. 1:20-cv-858

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 30) and Plaintiff's Motion for Prospective Relief (ECF No. 36). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and Plaintiff's motion be denied.

## BACKGROUND

Plaintiff initiated this action against the Michigan Department of Corrections, seven named individuals, and an unknown number of "unknown parties." (ECF No. 1). The Court subsequently screened Plaintiff's complaint and dismissed most of Plaintiff's claims. (ECF No. 8-9). At this juncture, only three defendants remain: Corey Grahn, Bryan Deeren, and James Leland. Defendants Deeren and Leland now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his

-1-

administrative remedies. With respect to Defendants Deeren and Leland, Plaintiff alleges the following.

On or about September 10, 2019, Plaintiff arrived at the Michigan Reformatory (RMI). Prior thereto, on an unspecified date, Plaintiff underwent surgery on his right upper extremity. When Plaintiff arrived at RMI, he informed a nurse that, as a result of his surgery, he occasionally experienced severe pain which caused his arm and chest to seize. Plaintiff explained that when this occurred he needed to immediately soak his arm in hot water containing Epsom salts. Plaintiff had previously been issued an accommodation permitting him to possess a basin and Epsom salts. This accommodation was cancelled, however, after Plaintiff's arrival at RMI.

Between September 13, 2019, and September 26, 2019, Plaintiff communicated with RMI's health care providers on several occasions and was repeatedly informed that he was not permitted to possess a basin and Epsom salts. On October 9, 2019, Plaintiff went to Health Care and requested to soak his arm in hot water to relieve his pain. Defendant Leland refused Plaintiff's request and approximately 45 minutes later, Plaintiff suffered a seizure triggered by the extreme pain he was experiencing. Following this seizure, Leland recorded Plaintiff's vital signs, but did not provide Plaintiff with any medical care.

On November 19, 2019, Plaintiff experienced a seizure of his right arm while he was exercising. Plaintiff went to Health Care where he was permitted to soak his arm. Plaintiff subsequently spoke with Defendant Deeren and requested that he be

permitted to go to Health Care whenever he wanted to soak his arm. Deeren refused Plaintiff's request. Plaintiff alleges that Defendants Leland and Deeren violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants Leland and Deeren now move for summary judgment. Plaintiff has responded to Defendants' motion and has also moved for "prospective relief" in response thereto. (ECF No. 35-37, 41).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, - - - F.3d - - -, 2021 WL 1257802 at *4 (6th Cir., Apr. 6, 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S.

199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but

concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

A. Defendant Leland

Plaintiff alleges that, on October 9, 2019, Defendant Leland refused his request to soak his arm in hot water and then failed to provide him with appropriate medical care following his subsequent seizure. On October 12, 2019, Plaintiff filed a grievance regarding this incident, which he pursued through all three steps of the grievance process. (ECF No. 31-3, PageID.321-25). For the reasons articulated below, however, this effort does not serve to properly exhaust Plaintiff's claim against Defendant Leland.

Pursuant to Michigan Department of Correction (MDOC) policy, a prisoner can be placed on modified grievance status as a sanction for filing an "excessive number" of rejected grievances. MDOC Policy Directive 03.02.130 ¶ JJ (eff. Mar. 18, 2019). When on modified grievance access, a prisoner is permitted to file a grievance only if he first requests a Step I grievance form from the Step I Grievance Coordinator. *Id.* at ¶ MM. If a prisoner on modified grievance access "attempts to file a grievance using a form not

provided by the Grievance Coordinator, the Grievance Coordinator may reject the grievance in accordance with" MDOC policy. *Id.*

On September 12, 2019, Plaintiff was placed on modified grievance status in response to his having filed numerous grievances that were rejected for failure to comply with MDOC policy. (ECF No. 31-4, PageID.337-51). Plaintiff remained on modified grievance access through December 12, 2019. (*Id.*, PageID.338, 349). It is not disputed that Plaintiff was on modified grievance access when he submitted the grievance referenced above. Defendant has submitted evidence that Plaintiff failed to request a grievance form from the Grievance Coordinator prior to submitting the grievance in question. (*Id.*, PageID.321-25, 338). Accordingly, Plaintiff's Step I grievance was rejected because it was not submitted in accordance with MDOC policy. (*Id.*, PageID.325). This rejection was affirmed at Steps II and III. (*Id.*, PageID.321, 323).

Because he was on modified grievance access, Plaintiff could have properly exhausted the claim in question in one of two ways. He could have requested a grievance form from the Grievance Coordinator and upon receipt of such, properly pursued the matter through all three steps of the grievance process. Alternatively, if Plaintiff's request for a grievance form was rejected, such would have constituted proper exhaustion of his claim. *See, e.g., Sedore v. Nagy*, 2019 WL 8723746 at *7 (W.D. Mich., Nov. 26, 2019). Importantly, both methods of exhaustion require that a prisoner first request a grievance form.

In response to Defendant's motion, Plaintiff offers no evidence that he properly requested a grievance form prior to submitting the grievance in question. Instead, Plaintiff merely advances the vague assertion that he complied with MDOC policy when submitting grievances while on modified access. (ECF No. 35). But, because this statement is neither sworn nor references the grievance or incident in question it is insufficient to overcome Defendant's properly supported motion for summary judgment.

Plaintiff's argument that Defendant's motion should be denied because he has not yet had the opportunity to engage in discovery is likewise rejected. Plaintiff has expressly been afforded the opportunity to conduct discovery on the question of exhaustion. (ECF No. 18). Moreover, to the extent Plaintiff seeks relief pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, the Court finds such inappropriate as Plaintiff has failed to comply with the express requirements of this Rule.

As discussed above, Defendant Leland has demonstrated the absence of a genuine factual dispute on the question whether Plaintiff pursued his grievance in accordance with MDOC policy. The Court finds, therefore, that Defendant Leland has met his burden on the question of exhaustion and is entitled to relief. Accordingly, the undersigned recommends that Defendant Leland's motion for summary judgment be granted.

B.  Defendant Deeren

Plaintiff alleges that on November 19, 2019, Defendant Deeren refused his request for authorization to go to Health Care whenever he wanted to soak his arm. As already noted, Plaintiff was on modified grievance access on this date through December 12, 2019. Defendants have submitted evidence that with respect to this claim, Plaintiff did not request a grievance form. (ECF No. 31, PageID.233-440). This evidence likewise reveals that Plaintiff did not pursue a grievance regarding this claim after being removed from modified grievance access status.

In response, Plaintiff offers no evidence that he requested a grievance form, or subsequently submitted a grievance, regarding this claim. Again, Plaintiff merely advances the vague assertion that he complied with MDOC policy when submitting grievances while on modified access. (ECF No. 35). As already noted, however, because this statement is not properly sworn it is insufficient to overcome Defendant's properly supported motion for summary judgment. Plaintiff's argument that Defendant's motion should be denied because he has not yet had the opportunity to engage in discovery is also rejected for the reasons articulated above. Finally, to the extent Plaintiff seeks relief pursuant to Rule 56(f), such is not warranted as Plaintiff has failed to comply with the Rule's requirements.

In sum, Defendant Deeren has demonstrated the absence of a genuine factual dispute on the question whether Plaintiff properly exhausted his remaining claim. The Court finds, therefore, that Defendant Deeren has met his burden on the question of exhaustion and is entitled to relief. Accordingly, the undersigned recommends that Defendant Deeren's motion for summary judgment be granted.

    C.    Plaintiff's Motion for Prospective Relief

In response to Defendants' motion, Plaintiff has moved for "prospective relief." (ECF No. 36). Plaintiff fails to articulate what prospective relief he desires, however. Plaintiff has likewise failed to demonstrate that he has suffered any injury for which prospective relief would be appropriate. Instead, Plaintiff simply quotes 18 U.S.C. § 3626(a)[1] and asserts in conclusory fashion that "Defendants in the case is not anyway entitled to any relief on their ungenuine claim of failure to exhaust administrative remedies." In sum, Plaintiff is not entitled to prospective relief because he has failed to establish that he has suffered any injury for which prospective relief is appropriate. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

---

[1] This provision, part of the Prison Litigation Reform Act (PLRA), merely provides that prospective relief in prison condition cases "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." *Hadix v. Johnson*, 367 F.3d 513, 515 (6th Cir. 2004) (quoting 18 U.S.C. § 3626(a)).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 30) be granted and Plaintiff's Motion for Prospective Relief (ECF No. 36) be denied.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                            Respectfully submitted,

Date: June 3, 2021                                 /s/ Phillip J. Green
                                                                 PHILLIP J. GREEN
                                                                 United States Magistrate Judge