UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON,

    Plaintiff,

v.

CASE No. 1:20-CV-858

HON. ROBERT J. JONKER

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 47) and Plaintiff's Objection to it. (ECF No. 49). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objection. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

Three defendants remain in this case: Defendants Deeren, Leland, and Grahn. On March 15, 2021, Defendants Deeren and Leland moved for summary judgment based on exhaustion. (ECF No. 30). The two defendants argue that because Plaintiff was placed on modified grievance status during the events at issue, he had to request a Step 1 grievance form from the Step 1 Grievance Coordinator. Because he did not do so on the claims he asserts against them, Defendants Deeren and Leland contend they are entitled to summary judgment. It was this motion, as well as Plaintiff's motion for prospective relief (ECF No. 36) that the Magistrate Judge reviewed in his Report and Recommendation. (ECF No. 47). Plaintiff's objections, however, largely discusses Defendant Grahn's separate motion for summary judgment—a motion that the Magistrate Judge did not examine in his Report and Recommendation and that remains pending. Plaintiff's Objections, then, are chiefly inapposite to the matter at hand.

To the extent Plaintiff's objections touch on the Magistrate Judge's analysis, the Court finds them to be disjointed and conclusory. Plaintiff does not dispute that he was on a modified grievance status and needed to request a Step 1 grievance form from the grievance coordinator. He furthermore does not dispute he failed to follow this procedure. Rather he merely asserts that he did "everything within his power to properly file grievances." (ECF No. 49, PageID.723). In this, Plaintiff's Objection contains nothing that undermines the validity of the Report and Recommendation, and he fails to deal in a meaningful way with the Magistrate Judge's analysis. The Court agrees with the Magistrate Judge, on de novo review, that Defendants Deeren and Leland are entitled to summary judgment, and Plaintiff's motion for prospective relief ought to be denied, for the very reasons delineated by the Magistrate Judge.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 47) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Deeren and Leland's Motion for Summary Judgment (ECF No. 30) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Prospective Relief (ECF No. 36) is **DENIED.**


Dated:   June 22, 2021             /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE